## WILLIAM MAHOOD, RESPONDENT, *v.* PLEASANT VALLEY COAL COMPANY, APPELLANT.

MASTER AND SERVANT.—PERSONAL INJURY.—EXCESSIVE DAMAGES. —Where the respondent, a laborer, lost one little finger, and the one next it was broken by the accident complained of, and he suffered, too, great pain at the time of the accident, and a year after the injury the hand was weak and stiff; *held* that a verdict for $4,000 was excessive, but a verdict for $3,000 would not have been excessive.

ID.—NEGLIGENCE.—UNSAFE MACHINERY.—Where the evidence showed that two employes of defendant company, were upon a car on a side track near the company's coal mines, that the side track ran down a grade, and that cars were accustomed to be run down the grade by the force of gravity, that the two employes started this car down the grade, and tried to stop it, but the brake would not work, and they called to plaintiff to stop the car by blocking it, that he took one of the long blocks lying with short ones near the track, that he tried to do so, but his hand was crushed, that the brake was defective, and defendant's foreman knew it was defective and that it would not stop the car, and that plaintiff did not know the brake was defective, and had little if any chance to select a block; *held* that the evidence authorized a finding of negligence.

ID.—ID.—ID.—NOTICE.—Where the evidence showed that a defect in the machinery used by the defendant company was known to its employes, but the evidence is conflicting as to the fact whether defendant's foreman knew of the defect or not, it is not error for the court to fail to instruct on the subject of notice to the defendant of the defect.

EVIDENCE.—CONTRADICTION OF STATEMENT MADE ON CROSS-EXAMINATION.—Where a witness of defendant stated on cross-examination that he had instructed new employes not to use long blocks, and that it was his general custom so to do, it is admissible for plaintiff on rebuttal to prove that a man

whose duty it sometimes was to block cars, was never so instructed and never heard of such a rule.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts except the following :

The charge of the court to the jury was as follows: "You are the sole judges of the testimony in the case, the character of the witnesses and of the force and effect of their statements, whether they are to be believed or not to be believed; and if there is a conflict in the testimony, you will judge between the parties in reference to the matter, and decide that which is true and that which is not true; and in determining those questions you will use your judgment as men, your experience and observation in life, and that kind of judgment that influences men in the very serious and important affairs of life. Take into consideration, also, the bearing of the witnesses on the stand, their relation to the parties, and the interest they have in the matter. You will be governed, also, by the preponderance of the testimony in the case —whichever way the weight of it is, that should determine your verdict. It is the duty of an employer to furnish an employe reasonably safe instruments and appliances of every kind that are used in the business that he is employed to do. Reasonably safe is, what would influence a man, a reasonable man, in the discharge of any business in life. It is the duty of the servant to use reasonable care in the use of these appliances, such care as a reasonable man in the ordinary affairs of life should use. The servant takes the risk in his employment of all danger that may arise after the employer has used reasonable care in the supply of his implements and appliances that he is to use in the work. In this case, the claim of the plaintiff is, that this car that the company furnished him for chocking and working on—that he was to use and care for and labor about in the yard—was not rea-

sonably safe, and therefore the injury occurred because of the car being unreasonably defective, or so defective that the company had not used reasonable care in supplying it. If you find that to be the fact, by a preponderance of the evidence, and that the plaintiff in the exercise of his duty there used reasonable care and caution, why then it is your duty to find for the plaintiff. I believe that is substantially the law of the case. The servant is required to use reasonable care in the discharge of his duty. If his care is not reasonable, but he is reckless, or anything of that kind, and he gets hurt, then he can not recover, for his recklessness is the proximate cause of his injury. If you find by a preponderance of the evidence that this car was so unreasonably defective, and that the defect caused this injury to the plaintiff, and that the plaintiff, in discharging his duty, exercised reasonable care and attention to his business, it is your duty to find for the plaintiff; otherwise to find for the defendant. In estimating the damages in this case, if you find for the plaintiff, take into consideration the extent, permanency and effect of the injury on his ability in subsequent life to perform his duties as a laborer. You will take into consideration, also, his mental and physical suffering, and in estimating such damages you will be governed by your judgment and what you think is right and proper between the parties."

Then the court said: "Gentlemen, if I have left anything out, call my attention to it." Whereupon the attorney for the appellant excepted severally to the refusal of his requests, and excepted to that portion of the charge in regard to the employer's duty in furnishing reasonably safe instruments of every kind, and also to the statement in the charge as to the recklessness of the respondent. Whereupon the court said: "I will change that by saying want of proper care; instead of recklessness, want of reasonable care; I will just change that.

You can let recklessness be stricken out and say if the plaintiff did not exercise reasonable care and his want of reasonable care contributed to his injury, then you should find for the defendant. The appellant requested an instruction among others upon the question of the appellant's notice of a defect in the car."

*Messrs. Bennett, Marshall and Bradley,* for the appellant.

The brief argued (1) that the damages were excessive; (2) that no negligence of the appellant was shown because it had no notice of the defect; (3) that respondent was negligent in using a long block; (4) that the instructions did not properly submit the questions of negligence and contributory negligence to the jury.

*Mr. George Sutherland,* for the respondent.

ZANE, C. J.:

This is an appeal from an order of the district court overruling a motion for a new trial, and from the judgment of the court on the verdict of the jury. This action was brought to recover damages in consequence of the alleged negligence of the defendant in furnishing for the use of the plaintiff, who was in its employ, a railway car with a defective brake upon it. It appears from the evidence in the record that the railway company, according to its custom, left this car upon a side track six hundred or eight hundred feet from the chute of the Pleasant Valley Coal Company, and that it ran down the grade, as usual, by the force of gravity; that Christensen and Bearnson, also employes of the defendant, were upon the car, and tried to stop it, but, the brake being defective, they failed, and called to plaintiff to block it; that he took one of the blocks lying near the track, apparently for that purpose, and attempted to put it on the rails in front of

the wheels, but, not placing it straight across, it slipped before the wheels, and while plaintiff was trying to fix it, and stop the car by that means, the end of the block came in contact with a trestle post, and caught plaintiff's left hand, and smashed his little finger, so as to necessitate its amputation, and broke the next one, and otherwise injured the hand.   The defendant insists that the evidence does not prove that the injury complained of was caused by defendant's negligence.   It does appear that the brake was so defective at the time of the injury that it would not stop the car, and that it would have done so if it had been in repair.   The witness Christensen testified that Bearnson and himself, a short time before the injury, were unable to stop the car with the brake, and that Wimber, defendant's foreman, was present at the time.   Wimber denied this.   But the jury were at liberty to believe the former. The evidence does not disclose any motive on his part to testify falsely.   While proof of a knowledge of the defect before the injury would subject the latter to an imputation of negligence, precisely when the defect in the brake first became manifest the evidence does not show.   If the foreman knew that it would not stop the car, it was negligence in him to send it down the grade, as the evidence tends to show he did, and for his negligence the defendant was chargeable.   As urged by the defendant, the plaintiff cannot recover if he was guilty of negligence that contributed to his injury.   If he had taken a short block, or had let loose of it sooner, his hand would not have been caught.   The evidence shows that both long and short timbers for blocking the cars were placed beside the track. The men on the car being unable to stop it with the brake, called out to the plaintiff, who did not know that the brake was defective, to chock it.   He had but little time to select his block or to use care in putting it on the track, or, when trying to fix it when it was slipping before the wheels, to look out for obstructions.   He would naturally

take up the nearest block, and aim to place it so as to stop the car, and, when it slipped, to fix it so that it would not. When men are suddenly confronted with danger, their conduct should be judged of in the light of the circumstances that constitute the emergency. The jury did not find contributory negligence on the part of the plaintiff, and we are not prepared to say it was wrong.

The defendant also urges excessive damages as a ground for reversal. It appears from the record that the plaintiff's hand was caught between the timber he was using and a post; that it was held for a time; that one man struck the timber to loosen it, and it caused him so much pain that he asked the person to quit, and that bars were obtained, and that the car wheel was pinched back off of the timber, and in that way the hand was released; that at the time of the trial, a year after the injury, the hand was weak and stiff, and he could lift but little with it; that the little finger was lost, and another finger was broken and stiff ; that he suffered great pain at the time of the injury and afterwards; that plaintiff was twenty-five years old. In estimating plaintiff's damages, it was the duty of the jury to take into consideration the entire injury; his loss of time, and the extent that it would incapacitate him to earn money in the future; his physical pain and mental anguish in consequence of it. In view of such considerations, it was the duty of the jury to allow the plaintiff such a sum as the evidence warranted. When a jury has assessed damages in a case like this, the court will not set the verdict aside on the ground that they are excessive, if it has any reasonable doubt that they are so. The majority of the court are of the opinion that the damages named in the verdict are excessive, and that the judgment of the court below thereon should be reversed, and a new trial ordered, unless the plaintiff remits $1,000 of the $4,000 named in the verdict.

Defendant's foreman was called as a witness, and testified

that he always instructed any new employe not to use the long blocks; that it was his general custom to do so; and the plaintiff also introduced one who stated, in rebuttal, that at times it became his duty to block the cars at the same place; and that he was never instructed to use the short blocks, and that he never heard or knew of any such instructions, custom, or rule. We are disposed to hold that there was no error in the admission of this evidence.

Defendant also alleges that the court erred in certain portions of the charge to the jury, and in refusing to give requests asked by its counsel. But, after a careful examination of the charge, we are of the opinion that it was substantially correct, when all considered together, and that the law applicable to the evidence, so far as material, was announced to the jury. Upon the remittal of $1,000 of the judgment by the plaintiff, the judgment will be affirmed for $3,000; otherwise it will be reversed. In either case, the clerk will tax the costs of this appeal against the respondent.

ANDERSON, J., and MINER, J., concurred.